## MINOR M. CANNON v. GEORGE W. TOMPKINS.

There being neither a motion to strike out the defendant's answer, an exception to the answer, nor order of court upon such motion or exception, and the record containing neither bill of exceptions nor a statement of facts, the errors assigned, to the striking out the defendant's answer—that the plaintiff was a foreign administrator—and that interest was allowed according to the laws of the State of Kentucky, without proper allegation and proof—cannot be considered.

ERROR from Collin. Tried before the Hon. Nat. M. Burford. The facts appear from the opinion.

*Minor M. Cannon*, in *pro. per.*

BELL, J. This record shows that the defendant in error instituted his suit against the plaintiff in error, upon a promissory note, payable to one Elias Tompkins, of whose estate the plaintiff below represented himself to be the administrator.

The record shows that judgment was rendered in the court below, against Cannon, upon confession, on the 21st day of October, 1856, and that at the spring term, 1858, Cannon moved the court to reform the judgment, so that it might not appear to be upon confession. The judgment was reformed accordingly, and recited that the answer of defendant, Cannon, had been stricken out by the court, upon motion, and judgment rendered by default, for want of an answer. The record contains no motion of the plaintiff below to strike out the defendant's answer, no exception to the answer, and no order of the court upon any such motion or exception. The record does not contain any bill of exceptions or statement of facts. The plaintiff in error complains that his answer was improperly stricken out, that the plaintiff below was a foreign administrator, &c., &c. In the absence of a bill of exceptions, we cannot know whether

the answer was properly stricken out or not. There is nothing on the record to show that the plaintiff below was a foreign administrator; therefore, we cannot notice the point made by plaintiff in error, upon the assumption that he was. It is also complained of, that interest was allowed according to the laws of the State of Kentucky, without proper allegation and proof of what the rate of interest in that State is. But there is nothing on the record to show that the note was made in Kentucky, or that any question could properly have arisen in reference to the rate of interest which the contract bore. The only facts which are very distinctly shown by the record are, that the note sued on was executed in the year 1852, and that this writ of error was not prosecuted until eighteen months had elapsed after the rendition of the judgment in the court below.

We see nothing in the record which authorizes us to disturb that judgment, and the same is affirmed.

Judgment affirmed.